UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEORGIA L. WEST,

    Plaintiff,                        CASE NO. 07-CV-13711

v.                                        DISTRICT JUDGE THOMAS LUDINGTON
                                         MAGISTRATE JUDGE CHARLES BINDER
MICHIGAN STATE POLICE,
MICHAEL ROWE, Officer, and
BRYAN JAREMA, Officer,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTIONS TO DISMISS
(Dkt. 9, 10)

## I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Michigan State Police's ("MSP") Motion to Dismiss (Dkt. 9) be **GRANTED** and that MSP be dismissed from the case.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Claim Under the Fourteenth Amendment (Dkt. 10) be **GRANTED**, and that the case proceed on the remaining claims of excessive force against the individual defendant officers.

## II. REPORT

### A. Background

By order of United States District Judge Thomas Ludington, this civil rights case brought under 42 U.S.C. § 1983 was referred to the undersigned magistrate judge for pretrial case management on September 12, 2007. (Dkt. 3.)

Plaintiff's complaint alleges that she was wrongfully arrested for an alleged domestic disturbance without probable cause, that Defendant Officers Rowe and Jarema used excessive force while effectuating that arrest, i.e., "purposefully hit Plaintiff's head against the car door, causing a black eye and cut on her right cheek," and "purposefully hit Plaintiff in the leg with their flashlights while she was in the back of the patrol car, causing a large bruise to Plaintiff's left thigh." (Dkt. 1 ¶¶ 12-16 (factual allegations), ¶ 23 (lack of probable cause).) Plaintiff avers that this conduct violated her "right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment" and her "right to be free from the use of excessive force by the State and or the State's agents in the Fourth Amendment." (*Id.* ¶ 20.) Plaintiff seeks monetary damages. (*Id.* at 5.)

Defendant filed the instant motions to dismiss arguing that: (1) Defendant Michigan State Police is immune from suit under the Eleventh Amendment (Dkt. 9 at 2-3); and (2) all Defendants are entitled to have the substantive due process claims brought under the Fourteenth Amendment dismissed against them because Plaintiff's claims are founded under the specific guarantees contained in the Fourth Amendment. (Dkt. 10 at 2-3.) If granted, these motions would have the net effect of a partial dismissal of Plaintiff's claims; the claims of excessive force against the individual officers would remain.

Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motions are ready for Report and Recommendation without oral argument.

**B.     Motion Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* \_\_\_U.S.\_\_\_, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).[1] *Twombly* did not change the notion that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." *Erickson v. Pardus*, \_\_\_U.S.\_\_\_, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Although Plaintiff is now represented by counsel, at the time the complaint was filed she was proceeding *pro se*. Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128

---

[1]Although one district court in the Sixth Circuit has restricted *Twombly*'s application to antitrust conspiracy cases, the majority have not. *See Weisbarth v. Geauga Park Dist.,* \_\_F.3d\_\_\_, No. 06-4189, 2007 WL 2403659 (6th Cir. Aug. 24, 2007) (declining to resolve scope of *Twombly* decision because not necessary to do so).

(10th Cir. 1999), or construct the plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). In other words, the court may not "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even if the Court were to apply the more liberal *pro se* standard, the result would not be altered.

**C.     Discussion**

**1.     Defendant Michigan State Police's Motion to Dismiss**

Defendant Michigan State Police argues that it is immune from suit under the Eleventh Amendment. (Dkt. 9 at 2-3.) The law is clear that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986).

Defendant Michigan State Police is an agency of the State of Michigan entitled to Eleventh Amendment immunity. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, *2 (6th

Cir. Sept. 28, 1999); *Ketola v. Michigan State Police Post 56*, No. 1:07-cv-1118, 2008 WL 294607, *1 (W.D. Mich. Jan. 31, 2008) (dismissing Michigan State Police); *Burnett v. Chippewa County Sheriff Dep't*, No. 2:06-cv-176, 2007 WL 3461095, *2 (W.D. Mich Nov. 15, 2007) (dismissing Michigan State Police). "Moreover, a state agency is not a 'person' for purposes of § 1983." *Lavrack* at *2; *see also Will v. Michigan State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Therefore, I suggest that Defendant Michigan State Police's motion to dismiss should be granted.

### 2. Motion to Dismiss by all Defendants - 14th Amendment Claims

Defendants contend that the substantive due process claims brought under the Fourteenth Amendment should be dismissed because Plaintiff's claims are properly analyzed under the specific guarantees contained in the Fourth Amendment. (Dkt. 10 at 2-3.)

Since "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred,' [i]n addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). "Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Id.* at 394. Thus, the Supreme Court has held:

> *All* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.

5

*Id.* at 395.

This rule has been applied outside the excessive force context such that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality). The converse is also true. "Alleged conduct that does not implicate a constitutional right protected by another amendment will be analyzed under the substantive due process component of the Fourteenth Amendment." *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

Plaintiff's claim that she was arrested without probable cause and that Defendants used excessive force while making that arrest are "wrong[s] for which a 'more explicit textual source of constitutional protection' is found in the Fourth Amendment . . . [so] plaintiff could not also proceed with a claim under the 'more generalized notion of substantive due process.'" *Wilson v. Collins*, 517 F.3d 421, 428 (6th Cir. 2008) (analyzing claim that officers used excessive force while arresting plaintiff under the Fourth Amendment and affirming dismissal).

Accordingly, I suggest that Defendants' motion to dismiss all claims arising under the substantive due process component of the Fourteenth Amendment should be granted.

### III. <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596

(6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                          s/ *Charles E Binder*
                                                          CHARLES E. BINDER
Dated: May 22, 2008                           United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James A. Perry and Adam Purnell, and served on District Judge Ludington in the traditional manner.

Date: May 22, 2008                    By     s/Patricia T. Morris
                                                       Law Clerk to Magistrate Judge Binder